SWAIN, J.—The
 

 defendant was convicted of battery and of disturbing the peace. He appeals from (1) the order denying his motion for a new trial, (2) the judgment, and (3) the order granting probation.
 

 The defendant and two companions were arrested because their appearance corresponded in some particulars to the description of three men who had robbed a market. No claim is now made that the defendant or his companions had committed the robbery. The arresting officers drove the defendant and the two other suspects to the garage of the Los Angeles police building. There the police officers demanded that the defendant give them a camera he was carrying. A struggle ensued in which, the police officers testified, the defendant hit Officer Nash with the camera. The defendant testified that Nash hit him with it. The charges of which the defendant was convicted were based on the events at the garage. The defendant claimed that the arresting officers
 
 *Supp. 835
 
 wanted the camera without waiting to get to the booking office because he had, at the scene of the arrest, taken a picture of Officer Nash holding the arms of Peterson (one of defendant’s companions) behind his back.
 

 Without attempting to mention all the errors made by the trial court, we comment on these four.
 

 1.
 
 The court erred in limiting defendant’s cross-examination of the police officers.
 
 In cross-examination the defendant sought to prove that they were biased and prejudiced against him because of the picture he took at the scene of the arrest. This occurred when Officer Massender was on the stand: Mr. Romero (defendant’s counsel) : “Tour Honor, may we go into the matter as to the motive, bias, prejudice of the witness for making this arrest?” The court: “Absolutely you cannot ask this officer any question except about those matters into which the City Attorney has inquired.” The city attorney had not inquired whether the witness was biased or prejudiced nor whether he believed that the camera contained a damning picture. Later this was repeated: Romero: ‘ ‘ That is what I am trying to elicit for the purpose of showing bias.” The court: “I am sorry, counsel, but you cannot elicit that because it was not gone into by the People.”
 

 2.
 
 The court erred in asking prejudicial questions.
 
 After the defendant had repeatedly denied that he hit Officer Nash, the court asked: “Was that before you hit him?” This plainly indicated to the jury that the judge did not believe the defendant’s testimony
 
 {People
 
 v.
 
 Mahoney
 
 (1927), 201 Cal. 618, 627 [258 P. 607]) and no instruction was given the jury that it was free to disagree with the trial judge in this comment on the evidence.
 

 3.
 
 The court improperly sustained objections to questions by defense counsel.
 
 The defendant testified that Officer Nash had choked him, he then sought to prove facts showing self-defense. This occurred: Romero: “Were you in fear of bodily harm?” The court sustained an objection that this was immaterial.
 

 4.
 
 The court erred in making prejudicial comments.
 
 After the defendant testified that he took a picture of Officer Nash at the time of the arrest, this occurred: The court: “Do you know whether there was any picture on that film or not ? ’ ’ The defendant: “No.” The court: “You don’t know then whether there is a picture on it or not; is that correct? You snapped the camera, but you don’t know whether there was
 
 *Supp. 836
 
 any picture on the film or not; is that correct?” The witness: “No.” The court: “You don’t know, or do you know?” The witness: “I don’t know.” The court: “You don’t know?” The witness: “No.” The court: “Much to do about nothing. He doesn’t know whether there is even a picture on it.”
 

 The court’s attitude to defense counsel and the effect thereof in connection with the above rulings appear from the following. The court: “Now, counsel, I am assuming you know how to make an offer of proof.” Mr. Romero: “I thought there were many things I knew when I came into this court. I have been overruled on so many points that I feel I don’t know anything.”
 

 Prom the foregoing it is obvious that the defendant did not have a fair trial. In
 
 People
 
 v.
 
 Mahoney, supra,
 
 the court said, page 627: “When, as in this case, the trial court persists in making discourteous and disparaging remarks to a defendant’s counsel and witnesses and utters frequent comment from which the jury may plainly perceive that the testimony of the witnesses is not believed by the judge, and in other ways discredits the cause of the defense, it has transcended so far beyond the pale of judicial fairness as to render a new trial necessary.”
 

 The judgment and the orders appealed from are reversed.
 

 Bishop, P. J., and Kauffman, J., concurred.